# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> AGUSTIN FERNANDEZ, d.b.a. EL HORNERO, <br><br> Defendant. | CV 19-02120 TJH (PLAx) <br><br><br> Order <br> and <br> Judgment <br> [37][JS-6] |

    The Court has considered Plaintiff Innovative Sports Management, Inc.'s ["Innovative"] motion for damages, together with the moving and opposing papers.

    Innovative holds the exclusive United States commercial distribution rights to the *Peru v. Iceland, International Friendly Soccer Game* ["the Soccer Game"], which was broadcasted nationwide on March 27, 2018. Defendant Agustin Fernandez, d.b.a. El Hornero ["Ferndandez"], is, *inter alia*, the owner and operator of El Hornero, a restaurant in Bellflower, California. The Soccer Game was broadcasted at El Hornero without a license.

    In its complaint, Innovative asserted four claims: (1) Unauthorized interception

of satellite communications, in violation of 47 U.S.C. § 605; (2) Unauthorized reception of cable communications, in violation of 47 U.S.C. § 553; (3) Conversion; and (4) Unfair competition law, in violation of Cal. Bus. and Prof. Code § 17200, *et seq*.

Innovative, previously, moved for partial summary judgment as to liability for its § 605, conversion and unfair competition claims. After Fernandez filed a notice of non-opposition, the Court granted Innovative's motion for partial summary judgment. Thereafter, the parties stipulated that the Court could determine damages by motion.

Innovative, now, moves for damages for its § 605, conversion and unfair competition claims. That motion will be deemed to be a motion for partial summary judgment as to damages.

When considering a motion for summary judgment, the Court must accept the nonmoving party's facts as true, and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). However, here, there are no factual disputes. Rather, the parties dispute the legal consequences of the facts.

As to it § 605 claim, Innovative elected to recover statutory damages rather than actual damages. *See* 47 U.S.C. § 605(e)(3)(C). Innovative seeks statutory damages of $3,000.00, plus a wilfulness enhancement of $15,000.00.

The Court must set statutory damages at an amount between $1,000.00 and $10,000.00, as it deems just. 47 U.S.C. § 605(e)(3)(C)(i)(II). Statutory damages should be set at an amount that would compensate Innovative for its losses and deter Fernandez from future violations. *See F. W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 233 (1952). Here, the parties agree that, had Fernandez obtained a license for the Soccer Game, the fee would have been $1,000.00.

If Innovative establishes that Fernandez's violation of § 605 was willful and for the purpose of financial gain, the Court can award a willfulness enhancement of up to $100,000.00. 47 U.S.C. § 605(e)(3)(C)(ii). To determine willfulness, district courts have considered various factors, including whether there was a cover charge, whether food prices were increased during the broadcast, whether the defendant advertised the

broadcast, the number of patrons present, the number of televisions used, the impact of the defendant's conduct on the plaintiff, whether the defendant was unaware that his conduct was unlawful, and whether the defendant had previously violated § 605. *See, e.g., J & J Sports Prods., Inc. v. Concepcion*, No. C 10-05092-WHA, 2011 WL 2220101, at *4 (N.D. Cal. June 7, 2011).

There was no evidence that Fernandez imposed a cover charge or increased his prices on the day of the Soccer Game, or that he advertised the broadcast of the Soccer Game. Innovative provided evidence that there were no more than six customers at El Hornero during the Soccer Game. Further, Innovative's two investigators offered conflicting declarations as to the number of television screens at El Hornero that displayed the Soccer Game. Finally, Fernandez declared that he mistakenly believed that his conduct was lawful and Innovative advised the Court that Fernandez was not a repeat offender of § 605. Consequently, Innovative failed to establish that Fernandez willfully violated § 605.

Based on the evidence presented, a just amount for statutory damages is $2,000.00.

For its conversion claim, Innovative seeks damages of $1,000.00, based on the licensing fee, had Fernandez obtained a license. However, the Court cannot award damages for both the § 605 claim and the conversion claim because the awards would be duplicative. *See Sorayama v. Robert Bane Ltd. Inc.*, 380 F. App'x 707, 709 (9th Cir. 2010).

Because Innovative did not seek damages for its unfair competition claim, that claim will be dismissed.

Finally, because Innovative's 47 U.S.C. § 553 claim – for the unauthorized reception of cable communications – was an alternative claim to its § 605 claim, it will, also, be dismissed. *See, e.g., TKR Cable Co. v. Cable City Corp.*, 267 F.3d 196, 207 (3rd Cir. 2001).

Accordingly,

1  **It is Ordered** that Innovative's motion for damages be, and hereby is, **Granted**.

2  **It is further Ordered, Adjudged and Decreed** that Judgment be, and hereby is, **Entered** in favor of Plaintiff Innovative Sports Management, Inc. and against Defendant Agustin Fernandez, d.b.a. El Hornero, in the amount of $2,000.00.

3  **It is further Ordered** that Innovative's claims for violation of 47 U.S.C. § 553 and unfair competition be, and hereby are, **Dismissed**.

4  **It is further Ordered** that Innovative shall file its motion for attorneys' fees by January 24, 2022.

Date: December 22, 2021

*[signature: Terry J. Hatter, Jr.]*

**Terry J. Hatter, Jr.**
**Senior United States District Judge**